*E-filed on* 4/19/08

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAD BOTHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>MAGNUS DOE,<br><br>        Defendants. | No. C-08-01947 RMW<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND AND DEFERRING RULING ON MOTION TO PROCEED IN FORMA PAUPERIS<br><br>**[Re Docket No. 2]** |

On April 11, 2008, plaintiff Brad Bothell, proceeding *pro se*, filed a one-page complaint alleging that defendant Magnus Doe "orally promised to buy petitions from plaintiff for approx. $1000.00, but fraudulently neglected to fulfill his promise." Compl. ¶ 1. Plaintiff does not know the true name of the defendant, and pleads no other facts about him. *Id.* ¶ 2. He claims the "[t]he incident happened in this court's jurisdiction.

Plaintiff asks the court to permit him to proceed *in forma pauperis* in this action.

*In forma pauperis* status requires two findings: a finding of indigence and a finding that the underlying claim has some merit. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981). Reviewing the complaint in conjunction with the motion to proceed *in forma*

1 *pauperis*, the court has determined that it does not have subject matter jurisdiction over the plaintiff's
2 claims. *See Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1141 (9th Cir. 1986)
3 (federal courts are required to consider the presence or absence of subject matter jurisdiction *sua*
4 *sponte*).

5       The fraud and breach of contract claims that plaintiff alleges are within the state court's
6 jurisdiction, and not ordinarily within the federal court's jurisdiction unless there is a separate basis
7 for federal jurisdiction.  Here, plaintiff does not plead any facts that would suggest a federal claim
8 that would provide the court with federal question jurisdiction under 28 U.S.C. § 1331.  Nor is there
9 any indication that the plaintiff is a citizen of a different state from the defendant and that the
10 amount in controversy meets the requirements for federal diversity jurisdiction under 28 U.S.C. §
11 1332.  Thus, this court is unable to adjudicate the claims that plaintiff brings before it.  For that
12 reason, plaintiff's claims are without merit and he does not qualify to proceed *in forma paupers*.

13       Because the court lacks jurisdiction over plaintiff's claims as stated, it must dismiss plaintiff's
14 complaint.  Plaintiff shall have 20 days to amend his complaint to state a claim upon which this
15 court may grant relief.  The court will defer ruling on plaintiff's *in forma pauperis* application until
16 after he has filed an amended complaint.

19 DATED:    4/17/08
20                RONALD M. WHYTE
United States District Judge

ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND AND DEFERRING RULING ON MOTION TO PROCEED IN FORMA PAUPERIS —No. C-08-01947 RMW
MAG    2

**A copy of this order was mailed on      4/21/08           to:**

**Counsel for Plaintiff:**

Brad Bothell
80 S. Market Street
San Jose, CA 95113
PRO SE

**Counsel for Defendant(s):**

No appearance

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

United States District Court
For the Northern District of California

ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND AND DEFERRING RULING ON MOTION TO PROCEED IN FORMA PAUPERIS —No. C-08-01947 RMW
MAG                                                   3